IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALL KYLE,

                Plaintiff,

v.                                                            OPINION and ORDER

CHAPLAIN GOFF, GARY BOUGHTON,                20-cv-460-jdp
and MR. KARTMAN,

                Defendants.

---

Pro se plaintiff Ronall Kyle has filed a civil action, contending that prison staff at Wisconsin Secure Program Facility failed to accommodate his request to fast during Ramadan, in violation of his rights under the First and Eighth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Kyle's complaint is before the court for screening under 28 U.S.C. § 1915A.

As explained below, Kyle's RLUIPA claim is moot, his First Amendment claim is barred by the doctrine of qualified immunity, and his allegations do not state an Eighth Amendment claim. Therefore, I am dismissing his complaint.

ALLEGATIONS OF FACT

Kyle alleges the following facts, which I will accept as true for purposes of screening the complaint.

Kyle is incarcerated at Wisconsin Secure Program Facility. In March 2020, he changed his religion from Christian to Islam. He asked defendant Chaplain Goff to include him on the prison's lists of inmates observing the Muslim holy month of Ramadan, which requires fasting between sunrise and sunset for 30 days. Inmates who sign up for the Ramadan fast are provided

meal bags each day for the duration of Ramadan. The bags contain a day's worth of food, to be eaten after sunset and before sunrise. Goff responded that the deadline to sign up for Ramadan meals was in February, that there had been sign-up sheets in the dayrooms and libraries, and that the deadline had passed. Goff refused to put Kyle on the list to receive Ramadan meals.

During the month of Ramadan, Kyle attempted to fast by waiting to eat the food from his regular meal trays until after sundown. The food was often cold and spoiled by the time Kyle ate it. Kyle felt sick and sometimes vomited after eating. He sometimes vomited blood. Kyle wrote to defendants Goff, Warden Gary Boughton, and Security Director Kartman about not receiving the Ramadan meal bags and about the stomach problems he was experiencing, but none of defendants intervened to help him participate in the Ramadan fast.

ANALYSIS

Kyle says that he is suing defendants under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First Amendment, and the Eighth Amendment.

A. RLUIPA

RLUIPA prohibits prison officials from imposing a substantial burden on an inmate's religious exercise, unless the government demonstrates that imposition of the burden on that person is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). *See also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). To state a claim under RLUIPA, a plaintiff must allege that he has a sincere religious belief and that his religious exercise was substantially burdened. *Holt v. Hobbs*, 574 U.S. 352, 357 (2015). If the plaintiff meets this threshold, the defendants must demonstrate that their actions further "a compelling

2

governmental interest" by "the least restrictive means." *Holt*, 574 U.S. at 357; *Cutter v. Wilkinson*, 544 U.S. 709, 712 (2005).

Kyle alleges that he is required by his sincere religious beliefs to fast during Ramadan, and that defendants refused to accommodate his participation in the Ramadan fast. These allegations are sufficient to suggest that Kyle had a sincere religious belief that was substantially burdened by the prison's rule requiring inmates to sign up for Ramadan meal bags 60 days in advance. The next question for a RLUIPA claim is whether the prison's 60-day signup rule is the least restrictive means of furthering a compelling government interest. In most RLUIPA cases, defendants would have the burden at summary judgment or trial to show that a rule is the least restrictive means of furthering a compelling government interest. But I have determined in previous cases that the Wisconsin Division of Adult Institution's 60-day signup requirement for participation in Ramadan does not violate RLUIPA in most situations. *See, e.g., Dangerfield v. Ewing*, No. 18-CV-737-JDP, 2020 WL 94758, at *4 (W.D. Wis. Jan. 8, 2020); *Lee v. Ewing*, No. 18-CV-370-JDP, 2019 WL 4737057, at *6 (W.D. Wis. Sept. 27, 2019). The state has shown in multiple cases that prisons must prepare for Ramadan well in advance, and that prisons are unable to accommodate a large number of late requests. *See Riley v. Ewing*, 777 F. App'x 159, 162 (7th Cir. 2019) (state "presented evidence that the logistical challenges associated with ordering, receiving, and preparing enough Ramadan meals justified limiting the exceptions to those who entered the prison after the sign-up deadline"); *Dangerfield*, 2020 WL 94758, at *4 ("[P]rison officials need a reasonably firm deadline, because they would not be able to accommodate a large number of late requests. After all, a late request to be placed on the Ramadan list is a late request for 60 special meals.").

Kyle's claim is somewhat different than the claims I have considered in previous cases. Because Kyle converted to Islam after the signup deadline had passed, Kyle could not have complied with the 60-day signup deadline. Perhaps the 60-day signup policy should allow exceptions for inmates, like Kyle, who could not have signed up before the deadline. But I need not determine in this case whether the policy, without such exceptions, is still the "least restrictive means" of achieving the prison's need to have sufficient notice of the number of Ramadan meals. Kyle's RLUIPA claim must be dismissed because he is not seeking prospective injunctive relief.

RLUIPA authorizes only prospective injunctive relief and cannot be used to sue for damages against state officials acting in their individual capacities. *Grayson*, 666 F.3d at 451. And a plaintiff is entitled to prospective injunctive relief only if the relief is actually needed, meaning, that there is a danger of the violation recurring. *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149–50 (7th Cir. 2019). In this instance, Kyle was not able to participate in the Ramadan fast because he had converted recently to Islam and missed the signup deadline. But there is no likelihood that he would miss the signup deadline for the same reason in the future. Now Kyle knows that he must sign up 60 days in advance of Ramadan to receive Ramadan meal bags, and he knows that the signup deadline will be posted in the dayroom and libraries. His allegations do not suggest that he needs prospective injunctive relief. Therefore, his RLUIPA claim is moot.

B. **Free exercise**

Kyle also contends that defendants' actions violated his First Amendment right to freely exercise his religion. To state a free exercise claim, Kyle must allege facts suggesting that defendants "personally and unjustifiably placed a substantial burden on his religious practices."

4

*Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1003 (7th Cir. 2019) (*quoting Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016)). A substantial burden is one that puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981). In the prison context, such a burden is justified if it is reasonably related to a legitimate penological interest. *Thompson*, 809 F.3d at 380 (*citing Turner v. Safley*, 482 U.S. 78, 89–91 (1987)).

I need not determine whether Kyle's allegations are sufficient to state a free exercise claim under the First Amendment because, assuming that they are, Kyle's free exercise claim would be barred by the doctrine of qualified immunity. That doctrine shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal quotation omitted). A clearly established right is one that is sufficiently clear such "that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Qualified immunity is an affirmative defense that generally must be raised by the defendants. But here, the defense is obvious. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (judges may consider affirmative defense if it is "plain from the language of the complaint and other documents in the district court's files"). I have concluded in several recent cases that there are no cases from the Supreme Court or Court of Appeals for the Seventh Circuit that would support a free exercise claim challenging Wisconsin Division of Adult Institution's 60-day signup deadline for participating in religious observances. *See, e.g.*,

5

*Dangerfield*, 2020 WL 94758, at *5; *Lee*, 2019 WL 4737057, at *8. And I concluded in another similar Ramadan case that qualified immunity applied regarding the question whether prison staff must notify inmates of the precise religious-meal-signup deadline date each year. *Riley*, 2019 WL 188511, at *8, aff'd, 777 F. App'x 159 (7th Cir. 2019). There are also no cases that would support a free exercise claim based on prison staff's failure to make an exception to the 60-day deadline for inmates who converted to Islam after the deadline passed. Therefore, I will dismiss Kyle's free exercise claim as barred by the doctrine of qualified immunity.

## C. Eighth Amendment

Kyle also contends that his Eighth Amendment rights were violated when defendants refused to accommodate his requests to receive Ramadan meal bags and forced Kyle to carry out a self-reliant fast for the entire month of Ramadan. He says that waiting until after sunset to eat his meals caused his food to spoil, gave him stomachaches, and caused him to vomit blood.

The Eighth Amendment requires that prison officials provide humane conditions of confinement, which include the basic necessities of life such as clothing, shelter, medical care, and food that provides adequate nutrition. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). A prisoner can succeed on an Eighth Amendment claim by showing that a prison official exhibited deliberate indifference to a substantial risk of serious harm to the prisoner's health by denying him access to adequate and nutritious food. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). Here, Kyle alleges that defendants were deliberately indifferent to the physical and mental pain that Kyle suffered as a result of trying to fast without support during the month of Ramadan.

Several district courts have concluded that a prisoner's decision to abstain from eating nutritious food for religious reasons may implicate the First Amendment or RLUIPA, but that such conduct does not implicate the prison's obligation under the Eighth Amendment to provide adequately nutritious food. *See, e.g., Harris v. Cearlock*, No. 17-CV-3307-JBM, 2018 WL 5777472, at *2 (C.D. Ill. Nov. 2, 2018); *Crawford v. Bukowski*, No. 10-CV-2242, 2013 WL 363923, at *5 (C.D. Ill. Jan. 30, 2013); *Wallace v. Miller*, No. 09-CV-342-JPG, 2010 WL 2836987, at *5 (S.D. Ill. July 20, 2010); *Powell v. Raemisch*, No. 10-CV-202-BBC, 2010 WL 2429709, at *7 (W.D. Wis. June 11, 2010). This conclusion makes some sense. Assuming it is permissible under the First Amendment for prisons to impose reasonable administrative requirements on a prisoner's ability to participate in religious dietary observances, a prisoner should not be permitted to render such requirements meaningless by failing to abide by them and then refusing, on religious grounds, to eat the food the prisoner is provided. As the above courts recognize, claims about being served meals that do not meet religious requirements should be resolved based on the legality of the administrative requirements under the First Amendment and RLUIPA. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (*citing Graham v. Connor*, 490 U.S. 386, 395 (1989), for the proposition that "constitutional claims must be addressed under the most applicable provision").

That being said, there may be some situations in which a prisoner's refusal to eat certain foods for religious reasons presents such a substantial risk of serious harm to the prisoner's health that the Eighth Amendment would require prison officials to intervene and take some steps to protect the prisoner's health and safety. But Kyle's allegations do not suggest that this is one of those cases. Kyle alleges that he wanted to maintain his fast for Ramadan, so he tried to preserve foods from his regular meals or ask others for food. He says that the food was cold

7

and sometimes spoiled, and that he suffered stomach problems as a result. He wrote to defendants about his problems. Kyle does not say how defendants responded to his complaints about medical problems. If they responded at all, they presumably would have told Kyle to contact the health services unit, as none of the defendants are medical staff who could assess whether Kyle was at risk of serious harm to his health or safety from lack of nutrition, vomiting, or stomach pain. Nor could any of the defendants have provided Kyle with medical treatment or counseling for his problems. Kyle does not say whether he contacted the health services unit about his stomach problems, or whether he was assessed by a medical provider to determine whether his vomiting was caused by food he was eating and posed a serious medical concern. Without such allegations, Kyle's complaint does not state a claim under the Eighth Amendment.

For these reasons, I will deny Kyle leave to proceed with any claim in this lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Ronall Kyle is DENIED leave to proceed on any claim in this lawsuit, and his complaint is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered June 18, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge