IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALL KYLE,

                    Plaintiff,

     v.                                                                                    ORDER

CHAPLAIN GOFF, GARY BOUGHTON,                                    20-cv-460-jdp
and MR. KARTMAN,

                    Defendants.

---

In a previous order, I dismissed pro se plaintiff Ronall Kyle's complaint in which he contended that prison staff at Wisconsin Secure Program Facility failed to accommodate his request to fast during Ramadan, in violation of his rights under the First and Eighth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Dkt. 7. I concluded that Kyle's RLUIPA claim was moot, that his First Amendment claim was barred by the doctrine of qualified immunity, and that his allegations did not support an Eighth Amendment claim. Now Kyle has filed a motion for reconsideration, arguing that I erred by dismissing his complaint. Dkt. 9.

To succeed on his motion for reconsideration, Kyle must show that the court committed a manifest error of law or fact or that newly discovered evidence precludes entry of judgment. *See Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). Kyle does not argue that his free exercise claim was dismissed improperly under the doctrine of qualified immunity, but he does argue that I erred in dismissing his RLUIPA and Eighth Amendment claims.

Kyle argues that his RLUIPA claim is not moot, because he *is* seeking injunctive relief. But Kyle does not say what type of injunctive relief he is seeking, and his allegations show that he does not need injunctive relief to prevent a similar injury from occurring in the future. A

plaintiff is entitled to prospective injunctive relief only if the relief is actually needed, meaning that there is a danger of the violation recurring. *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149–50 (7th Cir. 2019). In this instance, Kyle was not able to participate in the Ramadan fast because he had converted recently to Islam and missed the signup deadline. But there is no likelihood that he would miss the signup deadline for the same reason in the future. Now Kyle knows that he must sign up 60 days in advance of Ramadan to receive Ramadan meal bags, and he knows that the signup deadline will be posted in the dayroom and libraries. His allegations do not suggest that he needs prospective injunctive relief, so his RLUIPA claim is moot.

Kyle argues that his allegations are sufficient to state an Eighth Amendment claim, because his attempt at conducting a self-reliant fast during the month of Ramadan caused him to have him stomachaches and to vomit blood. But as I explained in the previous order, Kyle's allegations do not suggest that any of the defendants acted with deliberate indifference toward a substantial risk to Kyle's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). Kyle has not alleged that he was denied adequate food during the month of Ramadan or that any of the defendants, who are not medical providers, were in a position to assess or treat Kyle's alleged health problems. Therefore, I will deny Kyle's motion for reconsideration.


ORDER

IT IS ORDERED that plaintiff Ronall Kyle's motion for reconsideration, Dkt. 9, is

DENIED.

Entered July 23, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge